# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DIVISION OF TENNESSEE
## NORTHERN DIVISION

BERKSHIRE HATHAWAY )
DIRECT INSURANCE COMPANY, )
                            )
    Plaintiff,           )
                            )
v.                      )   Case No.: 3:26-cv-83
                            )             Crytzer / Poplin
NEV, LLC,            )
                            )
    Defendant.        )

## COMPLAINT

COMES NOW Plaintiff Berkshire Hathaway Direct Insurance Company ("BHDIC"), and for its complaint against Defendant NEV, LLC ("NEV"), states the following:

## NATURE OF ACTION

1. This is a rescission action wherein Plaintiff BHDIC seeks to rescind the insurance policy it issued to NEV due to material misrepresentations that NEV made in the procurement of the policy. Alternatively, BHDIC seeks a declaration that it does not owe a duty to defend or indemnify NEV in the underlying lawsuit filed by Shawanna Powell captioned *Shawanna Powell, Individually and as Administratrix of the Estate of John Hilliard, and as Next Friend of Xy.H. (a minor), Jor.H. (a minor), XXo.H. (a minor), Joh.H. (a minor), and Xu.H. (a minor) v. Nev, LLC, Nev Sales, LLC, and Option Land Development, LLC,* which is presently

pending in the Commonwealth of Kentucky, Morgan Circuit Court, Civil Action No.: 24-CI-0070 (the "Underlying Lawsuit"). A true and correct copy of the operative First Amended Complaint in the Underlying Lawsuit is attached hereto as **Exhibit "A."**

## <u>PARTIES, JURISDICTION, AND VENUE</u>

2. Plaintiff Berkshire Hathaway Direct Insurance Company is a foreign corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Nebraska.

3. Defendant NEV, LLC is a limited liability company organized and existing under the laws of the State of Kentucky, with its principal place of business in Knoxville, Tennessee. The sole member of NEV, LLC is William Moore, an individual citizen residing and domiciled in the State of Kentucky.

4. An actual justiciable controversy exists between the parties pursuant to the United States Constitution and 28 U.S.C. § 2201 regarding the existence insurance coverage afforded to NEV.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because BHDIC is a citizen of Nebraska, while NEV is deemed to be a citizen and resident of Kentucky, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

2

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Specifically, BHDIC issued the subject insurance policy to NEV at its location at 200 Prosperity Drive, 190, Knoxville, Tennessee, 37923, which is located in Knox County in this judicial district. In the alternative, to the extent that proper venue is not established in this judicial district under 28 U.S.C. § 1391(b)(2), it is established under 28 U.S.C. § 1391(b)(3) because NEV is subject to the Court's personal jurisdiction in this judicial district.

## FACTUAL ALLEGATIONS

**A.     The Underlying Lawsuit.**

7.     On May 16, 2024, Shawanna Powell ("Powell") filed a Complaint in the Underlying Lawsuit against NEV and other defendants, seeking to recover damages for the death of her husband, John Hilliard ("Hilliard"). On March 26, 2025, Powell filed her First Amended Complaint, which adopted and incorporated all allegations from the original Complaint. (Ex. A, ¶¶ 1-2).

8.     According to the First Amended Complaint, "[a]t all times relevant hereto, Defendant, NEV, LLC, was a mine operator . . .." (Ex. A, ¶ 9).

9.     According to the First Amended Complaint, Hilliard was employed by JD's Custom Transport, Inc. as a truck driver and was transporting mine equipment

3

from a mine site in the State of Virginia to the mine site, Advanced Restoration Technologies-1. (Ex. A, ¶¶ 17-18).

10.     According to the First Amended Complaint, "On or about June 9, 2023, Decedent, John Hilliard, was legally on the premises of Advanced Restoration Technologies-1 for the benefit of Option Land Development, Nev, LLC and/or Nev Sales, LLC and/or Next Endeavor Ventures LLC (hereinafter "Underlying Defendants")." (Ex. A, ¶ 20).

11.     According to the First Amended Complaint, "While unloading a fuel tank from a trailer, the excavator bucket unexpectedly moved, causing the bucket to strike Decedent, John Hilliard, resulting in his death. (Ex. A, ¶ 21).

12.     According to the First Amended Complaint, "Upon information and belief, Defendants Renfro, Hubbs, and Marquess treated Defendants Nev, LLC, Nev Sales, LLC, and/or Next Endeavor Ventures LLC, as their alter ego for all purposes and did business as Defendants Nev, LLC, Nev Sales, LLC and/or Next Endeavor Ventures LLC, without observing any distinction between the business entities and themselves." (Ex. A, ¶ 22).

13.     As a result of Hilliard's death while transporting mining equipment, Powell, as Hilliard's personal representative, asserted claims against the Underlying Defendants, including NEV, for negligence; negligence per se; respondeat superior; negligent hiring, retention, training, and supervision; wrongful death; loss of

4

consortium of a spouse; loss of consortium of a minor child; piercing the limited liability company veil; punitive damages; and causation and damages.

14.     BHDIC is not a party to the Underlying Lawsuit, and the coverage issues in the present litigation are not pending in the Underlying Lawsuit.

15.     BHDIC agreed to defend NEV, pursuant to a full reservation of rights, in the Underlying Lawsuit, and it is presently doing so.

**B.      The BHDIC Policy.**

16.     On or about September 26, 2022, NEV applied online for a Businessowner's Policy with BHDIC. In its policy application, NEV described its business operations as "Landscaping Services" and "Landscape Gardening: No Tree Removal or Excavation." A true and correct copy of the online application is attached hereto as **Exhibit "B."**

17.     The Terms and Conditions of the policy application include the following provisions:

# Terms & Conditions

I agree that I am the applicant or an authorized representative of the applicant and represent that reasonable inquiry has been made to obtain the answers to questions on this application. I agree that I fully read and understand the terms of this application. I certify and represent that the answers are true, correct and complete to the best of my knowledge. I understand and agree that the answers on this application are material to any issuance of an insurance policy and that any false, incorrect or incomplete answer may render the policy void.

. . .

5

**Applicable in AL, AR, DC, LA, MD, NM, RI and WV**

Any person who knowingly (or willfully)* presents a false or fraudulent claim for payment of a loss or benefit or knowingly (or willfully)* presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

*Applies in MD Only

18.     NEV intended that BHDIC rely upon the application representations in its decision to issue a policy to NEV.

19.     In reliance upon NEV's application representations, including that NEV's business operations "Landscaping Services" and "Landscape Gardening: No Tree Removal or Excavation," BHDIC issued a Businessowner's Policy to named insured NEV, LLC, Policy No.: N9BP802265, with a policy period of 09/27/2022 to 09/27/2023 ("the Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit "C."**

20.     Subject to its other terms and conditions, the Policy provides, in part:

**SECTION III- COMMON POLICY CONDITIONS (APPLICABLE TO SECTION I – PROPERTY AND SECTION II - LIABILITY)**

\*\*\*

**C.     Concealment, Misrepresentation or Fraud**

This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

**1.** This policy;
**2.** The Covered Property;
**3.** Your interest in the Covered Property; or
**4.** A claim under this policy.

6

21.     The Policy further provides:

**SECTION II- LIABILITY**

**A.**          **Coverages**

**1. Business Liability**
**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But

> **(1)** The amount we will pay for damages is limited as described in Paragraph **D.–** Liability And Medical Expenses Limits Of Insurance in Section **II** – Liability; and
> **(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.
>> (a) No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f.** Coverage Extension – Supplementary Payments.

> **b. This insurance applies:**
>> **(1)** To "bodily injury" and "property damage" only if:
>> **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

7

**(b)** The "bodily injury" or "property damage" occurs during the policy period; (BP 00 03 01 10, p. 31)

22. The Policy includes the following Endorsement regarding injury to a contractor, subcontractor, or employees:

BUSINESSOWNERS
BP 89 30 09 20

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - INJURY TO A CONTRACTOR, SUBCONTRACTOR OR ITS EMPLOYEES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following is added to **Section II – Liability, Paragraph B. Exclusions:**

**Injury to a Contractor, Subcontractor or its Employees**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" to any contractor or subcontractor, or to any "employee" of either, arising out of any "construction" or related operations performed for or on behalf of any insured by such contractor or subcontractor, or any "employee" of either.

However, this exclusion does not apply to "bodily injury" if:

(1) Prior to the "bodily injury", you have executed a written contract with the contractor or subcontractor whereby the contractor or subcontractor agrees to assume your full tort liability and indemnify you to the fullest extent permitted by applicable state law for any "bodily injury" to the contractor or subcontractor, or to the "employee" of either, arising out of any "construction" or related operations performed for or on behalf of any insured; and

(2) The contractor or subcontractor has Commercial General Liability Insurance in full force and effect for your benefit covering "bodily injury" suffered by the contractor or subcontractor, or by the "employee" of either.

The following is added to **Section II – Liability, Paragraph F. Liability and Medical Expenses Definitions:**

"Construction" means any and all aspects of the erection or demolition of structures, including but not limited to design, specifications, planning, building, materials, supervision or observation of construction. "Construction" also includes new construction, conversion, reconstruction, rehabilitation, renovation, remodeling, repair, maintenance or installation, including installation of equipment.

All other terms and conditions of the policy remain unchanged.

23. The Policy also includes the following Endorsement regarding punitive damages:

8

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## PUNITIVE DAMAGE EXCLUSION DUTY TO DEFEND AMENDMENT

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following is added to **Section II – Liability,**
**Paragraph B. Exclusions:**

**Punitive Damages**

This insurance does not apply to any sums awarded as punitive damages. For the purposes of this Endorsement, punitive damages include, but are not limited to, the following punitive damages, exemplary damages, treble damages, statutory damages, and any other damages which are awarded to punish or deter a wrongdoer, deter others from similar conduct, or any other similar type of damages.

Subject to all other terms, conditions and exclusions of the policy, the Company has the right to defend any suit against the insured which seeks both punitive damages and damages to which this insurance applies. However, the Company has no duty to defend any suit seeking only punitive damages or where the remaining allegations of a complaint seek only punitive damages. The Company shall have the right to settle that part or parts of a suit seeking damages other than punitive damages.

In the event of a conflict of interest between the insured and the Company due to allegations which might result in an award of punitive damages against the insured or due to other allegations not covered by this insurance, the Company shall not be obligated to retain separate counsel to represent the interests of the insured with respect to defense of non-covered allegations, but the insured shall have the right to retain separate counsel at the insured's expense to serve as co-counsel. The Company shall not be required to relinquish control of the defense to such co- counsel so long as covered allegations remain in the suit.

All other terms, conditions and agreements of the policy shall remain unchanged.

24.     The Policy also includes Duties in The Event of Occurrence, Offense, Claim, or Suit, including the following:

## 1. **Duties In The Event of Occurrence, Offense, Claim or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

9

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**C. NEV's Concealment, Misrepresentations, and Fraud.**

25. At the time NEV applied for and procured the Policy from BHDIC, NEV was in the mining business.

26. On June 9, 2023, on the date Hilliard died at NEV's mining location, NEV was in the mining business.

27. When NEV applied for the Policy with BHDIC, NEV represented that it was in the landscaping business.

28. NEV did not inform BHDIC at the time it applied for the Policy that it was engaged in mining business.

29. At no time before the June 9, 2023 incident in which Hilliard died did NEV inform BHDIC that it was engaged in mining business.

10

30. BHDIC would not have issued the Policy to NEV had it known that NEV was in the mining business.

31. In the application, NEV acknowledged that the Policy would be void if NEV provided false information or misrepresented its business operations. (*See supra* Paragraph 17).

## **COUNT I – RESCISSION OF THE POLICY**

32. BHDIC re-alleges and incorporates by reference paragraphs 1-31 as if fully set forth herein.

33. The information that NEV provided to BHDIC during the application for the Policy was incorrect and incomplete.

34. NEV misrepresented, omitted, suppressed, and concealed facts regarding its business at the time it applied for and procured the Policy from BHDIC.

35. The misrepresentations, omissions, suppressions, and concealments of NEV were fraudulent and material to the acceptance of the risk assumed by BHDIC.

36. If BHDIC had known the true facts, BHDIC would not have issued the Policy, would not have issued the Policy at the same premium rate, or would not have provided coverage with respect to certain of NEV's operations.

37. The Policy provides that it is void if the insured conceals or misrepresents any material fact regarding the Policy.

11

38.     As a result of NEV's actions, the Policy is void *ab initio* and due to be rescinded.

## COUNT II – DECLARATORY RELIEF: BHDIC DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY NEV

39.     BHDIC re-alleges and incorporates by reference paragraphs 1-38 as if fully set forth herein.

40.     As noted above, BHDIC is entitled to rescind the Policy issued to NEV. If the Policy is not rescinded, BHDIC does not have a duty to defend or indemnify NEV because the Policy provides that it is void if the insured conceals or misrepresents any material fact regarding the Policy.

41.     In addition, if the Policy is not rescinded, BHDIC may not have a duty to defend or indemnify NEV because coverage is excluded by the Contractor, Subcontractor, or its Employees Exclusion.

42.     In the Underlying Lawsuit, Powell alleges that Hilliard sustained fatal injuries while on the premises of Advanced Restoration Technologies for the benefit of Option Land Development and in the process of unloading a fuel tank as an employee of JD Customs Transport.

43.     The Contractor, Subcontractor, or its Employees Exclusion provides, in part, that the Policy does not apply to "bodily injury" to any contractor or subcontractor, or to any "employee" of either, arising out of "construction" or related operations performed for or on behalf of any insured.

12

44. NEV retained the services of JD Customs Transport for the hauling of mining equipment from another mine site in the State of Virginia to Advanced Restoration Technologies in the State of Kentucky.

45. Accordingly, to the extent the accident arose out of construction or construction related operations, the Contractor, Subcontractor, or its Employees Exclusion excludes coverage for the claims against NEV in the Underlying Lawsuit.

46. Similarly, if the Policy is not rescinded, BHDIC does not have a duty to indemnify NEV regarding the claims for punitive damages in the Underlying Lawsuit.

47. Powell seeks punitive damages against NEV in the Underlying Lawsuit.

48. The Punitive Damages Exclusion excludes coverage for punitive damages, exemplary damages, treble damages, statutory damages, and any other damages which are awarded to punish or deter a wrongdoer, deter others from similar conduct, or any other similar type of damages.

49. The Punitive Damages Exclusion excludes coverage to NEV for any damages included in the Punitive Damages Exclusion.

50. In addition, NEV failed to comply with the notice conditions in the Policy, which are conditions precedent to coverage.

13

51. The Underlying Lawsuit was filed on May 16, 2024 and was served on NEV on June 14, 2024.

52. The incident made the basis of the Underlying Lawsuit occurred on June 9, 2023.

53. NEV did not notify BHDIC of the incident or the Underlying Lawsuit until December 31, 2024.

54. NEV breached its duty to notify BHDIC as soon as practicable of an "occurrence" which may result in a claim.

55. NEV also breached its duty to notify BHDIC as soon as practicable about the Underlying Lawsuit and breached its duty to immediately send BHDIC copies of the demands, notices, summonses, and/or legal papers in connection with the claim or suit.

56. Because of NEV's breach of the conditions to the Policy, BHDIC does not owe either a duty to defend or indemnify NEV for the claims in the Underlying Lawsuit.

## **REQUESTED RELIEF**

WHEREFORE, BHDIC respectfully requests that the Court enter judgment as follows:

1. That this Honorable Court will rescind the Policy and order, adjudge, declare, or decree that the Policy is void, or, in the alternative, order, adjudge,

14

declare, or decree that no coverage is afforded to NEV under the Policy for the claims asserted in the Underlying Lawsuit;

2.      That this Honorable Court will order, adjudge, declare, or decree that BHDIC does not have a duty to defend NEV in the Underlying Lawsuit and that BHDIC can withdraw its defense of NEV in the Underlying Lawsuit;

3.      That this Honorable Court will order, adjudge, declare, or decree that BHDIC does not have a duty to indemnify NEV in the Underlying Lawsuit; and

4.      For such other and further relief to which BHDIC may be entitled, or as this Court may deem just and appropriate.

Respectfully submitted,

_____
Joel S. Isenberg (TN Bar # 20983)
Counsel for Plaintiff Berkshire
Hathaway Direct Insurance Company

**OF COUNSEL:**
PORTERFIELD, HARPER, MILLS,
MOTLOW & IRELAND, PA
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242
(205) 980-5000 / (205) 980-5001 Fax
jsi@phm-law.com

15